# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>*ex rel.* ERIC FIELDS, )<br> )<br>Plaintiffs, )<br> )<br>v. )<br> )<br>THE BI-STATE DEVELOPMENT AGENCY )<br>OF THE MISSOURI-ILLINOIS METROPLITAN )<br>DISTRICT d/b/a "METRO," and )<br>ERA VALDIVIA CONTRACTORS, INC., )<br> )<br>Defendants. ) | No. 4:16CV2168 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Era Valdivia Contractors, Inc.'s Motion to Dismiss Plaintiff's First Amended False Claims Act Complaint. (ECF No. 56) The motion is fully briefed and ready for disposition. Upon consideration of the motion and related memoranda, the Court will grant Defendant's motion to dismiss.

## I. Background

Relator Eric Fields ("Fields") is a former employee of Defendant Bi-State Development Agency of the Missouri-Illinois Metropolitan District ("Bi-State") who filed a *qui tam* Complaint against Defendants Bi-State and Era Valdivia Contractors, Inc. ("EVC") on December 30, 2016. (ECF No. 1) The United States declined to intervene in this matter, and Fields filed his First Amended False Claims Act Complaint on June 12, 2018. (First Am. Compl. ["FAC"], ECF No. 53) Fields contends that Defendants Bi-State and EVC violated the False Claims Act, 31 U.S.C. §§ 3729, *et seq.*, by falsely certifying compliance with federal law to receive federal public transit funds. (FAC ¶¶ 12-16)

Fields worked for Bi-State as an engineer from 2003 to 2012. (*Id.* at ¶ 2) His present cause of action stems from repairs and improvements made to the Eads Bridge under the Eads Bridge Rehabilitation Project. (*Id.* at ¶¶ 26-28) Specific to Defendant EVC, Fields alleges that Bi-State conspired with EVC to defraud the federal government, specifically the Federal Transit Administration ("FTA"), by intentionally violating 49 C.F.R. § 26 and representing that EVC qualified as a Disadvantaged Business Enterprise ("DBE") when EVC entered into a subcontract with St. Louis Bridge. (*Id.* at ¶ 43) Fields contends that he was involved in meetings where DBE certification issues were discussed, and he witnessed correspondence between St. Louis Bridge and Bi-State regarding St. Louis Bridge's unease with using EVC due to its DBE status. (*Id.* at ¶ 47) Fields maintains that the federal government was denied the benefits of the DBE program due to Defendants intentional acts to fraudulently represent compliance when both parties knew EVC was not eligible to be a DBE. (*Id.* at ¶ 48) Fields further alleges that the federal government relied upon EVC's certification that it was a DBE and Bi-State's finding of responsibility as a condition of using federal funds for the Eads Bridge Project. (*Id.* at ¶ 49) Fields seeks treble damages from Bi-State and EVC. (*Id.* at ¶ 51) Defendant EVC has filed a motion to dismiss for failure to state a claim, asserting that Fields has failed to sufficiently allege that EVC made, caused to be made, or conspired to make a false statement or representation to the United States Government in violation of the Federal Claims Act ("FCA").

## II. Legal Standard

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above

2

the speculative level . . . ." *Id.* at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff).

However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

### III. Discussion

A person violates the False Claims Act, 31 U.S.C. § 3729 *et seq.*, if he "(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; [or] . . . (C) conspires to commit a violation of subparagraph (A) [or] (B) . . . ." 31 U.S.C. § 3729(a)(1)(A), (C). The FCA's *qui tam* provisions permit a private person, or relator, to bring a civil action for violations "in the name of the government" and recover an amount of the proceeds if the suit is successful. 31 U.S.C. § 3730(b), (d). "'A prima

3

facie case under the [Act] requires that (1) the defendant made a claim against the United States; (2) the claim was false or fraudulent; and (3) the defendant knew the claim was false or fraudulent.'" *U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp.,* 690 F.3d 951, 955 (8th Cir. 2012) (quoting *United States v. Basin Elec. Power Coop.,* 248 F.3d 781, 803 (8th Cir. 2001)).

"Because the FCA is an anti-fraud statute, complaints alleging violations of the FCA must comply with Rule 9(b)." *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.,* 441 F.3d 552, 556 (8th Cir. 2006) (citation omitted). Rule 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "'This particularity requirement demands a higher degree of notice than that required for other claims.'" *U.S. ex rel. Thayer v. Planned Parenthood of the Heartland,* 765 F.3d 914, 916 (8th Cir. 2014) (quoting *United States ex rel. Costner v. United States,* 317 F.3d 883, 888 (8th Cir.2003)). "[T]o satisfy Rule 9(b)'s particularity requirement, 'the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result.'" *Id.* at 916-17 (quoting *Joshi,* 441 F.3d at 556). Although Rule 9(b) does not require a relator to allege specific details of every alleged fraudulent claim, a relator may not simply rely on a generalized conclusion that the defendant engaged in noncompliant conduct. *U.S. ex rel. Dunn v. N. Mem'l Health Care,* 739 F.3d 417, 420 (8th Cir. 2014). "Instead, [relator] 'must provide some representative examples of [defendants'] fraudulent conduct, specifying the time, place, and content of their acts and the identity of the actors.'" *Id.* (quoting *Joshi,* 441 F.3d at 557).

4

Here, Defendant EVC argues that the First Amended Complaint fails to allege sufficient facts demonstrating that EVC violated § 3729(a) of the FCA and should be dismissed for failure to state a claim under Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. Fields responds that he has sufficiently alleged that EVC knowingly made false statements that it qualified as a DBE and conspired with Bi-State regarding its DBE status in order to receive a government contract and that these allegations meet the heightened pleading standard under Rule 9(b). Upon thorough review of Relator's First Amended False Claims Act Complaint, EVC's Motion to Dismiss, and the related memoranda, the Court finds that the Relator has failed to state a claim for relief against EVC.

Contrary to Fields' assertion, nothing in the First Amended Complaint contains the specifics required to satisfy Rule 9(b). First, the only detailed information containing particular names and dates pertains to a subcontract between EVC and a private contractor St. Louis Bridge, not a contract with the government.[1] (FAC ¶ 43) The specific allegations of fraud refer to Bi-State and its alleged plan to intentionally delay decertification proceedings and compel St. Louis Bridge to sign the subcontract with EVC. (FAC ¶¶ 45-46) The complaint is void of any facts demonstrating that EVC made a false claim to the United States or dealt with the United States in any way. There are no specific allegations about particular meetings with dates, location, names of those in attendance, or the agreements reached. Fields merely states that he was at meetings "where the DBE certifications were discussed" and that he witnessed correspondence between St. Louis Bridge and Bi-State, not EVC, "indicating St. Louis Bridge's unease with utilizing [EVC] on the project due to their DBE status." (FAC ¶ 47)

---

[1] The Court notes that the paragraph referring to the subcontract fails to state which individual represented St. Louis Bridge, what the subcontract contained, or where the meeting took place.

5

As stated above, a prima facie case of under the FCA requires that the defendant knowingly made, or caused to be made, a false or fraudulent claim to the United States. The only alleged claim presented to the United States was from Bi-State and not EVC so that Bi-State could receive DBE participation credit. (FAC ¶¶ 14, 45-46) The Court finds that, as to Defendant EVC, Fields' First Amended Complaint alleges only conclusory and generalized allegations with no accompanying specifics. Therefore, the Court will dismiss Relator's claim that Defendant EVC knowingly presented a false claim to the United States. *See U.S. ex rel. Ellis v. City of Minneapolis*, No. 11-CV-00416 PJS/TNL, 2014 WL 3928524, at *14 (D. Minn. July 24, 2014) (dismissing FCA claims that merely outlined a general scheme by which the defendant could have fraudulently obtained HUD funding and failed to identify the who, what, where, when and how of the relator's claims against defendant).

With respect to alleged conspiracy, to state a conspiracy claim under the FCA, Fields must show the existence of an unlawful agreement between EVC and Bi-State to get a fraudulent claim allowed or paid by the United States and at least one act performed in furtherance of that agreement. *Id.* at *15. The particularity requirement of Rule 9(b) applies equally to the FCA's conspiracy provision. *Id.* Fields' First Amended Complaint does not set forth who specifically entered into the allegedly unlawful agreement, what the agreement contained, where the meetings took place, or when specifically Bi-State and EVC entered into the agreement, or how such agreement was formed an executed. *Id.*; *see also U.S. ex rel. Fields v. Bi-State Dev. Agency of the Missouri-Illinois Metro. Dist.*, No. 4:14 CV 1321 RWS, 2015 WL 5158398, at *7 (E.D. Mo. Sept. 2, 2015) (finding relator failed to state a claim for conspiracy where relator failed to allege the identities of anyone making an agreement to get a false claim paid, when the agreement was made, the content of the agreement, or any other specifics required by Rule 9(b)).

6

The only agreement pertaining to EVC was a subcontract between EVC and St. Louis Bridge, not Bi-State. (FAC ¶¶ 43, 45) Indeed, Fields fails to allege any interaction between EVC and Bi-State and merely claims that they both knew that EVC did not qualify as a DBE. (FAC ¶¶ 43-44, 48) Thus, the Court finds that Fields' allegations in his First Amended Complaint of a conspiracy between EVC and Bi-State for Bi-State to get a fraudulent claim paid by the government fails to state a claim under the pleading requirements of Rule 9(b). *Fields*, 2015 WL 5158398, at *7. Therefore, Fields' conspiracy claim against EVC will be dismissed.

Finally, in his combined response and memorandum in opposition to EVC's motion to dismiss, Fields asks for leave to amend should the Court find that the First Amended Complaint fails to meet the pleading standard. However, the Court notes that Fields did not file a proper motion for leave to amend, nor has he submitted a proposed amended complaint.[2] "[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion." *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985). "The Eighth Circuit has repeatedly held that district courts do not abuse their discretion in denying leave to amend where the plaintiff did not file a motion for leave to amend and submit a proposed amended complaint, and merely asked for leave to amend in its response to a motion to dismiss." *Tracy v. SSM Cardinal Glennon Children's Hosp.*, No. 4:15-CV-1513 CAS, 2016 WL 3683000, at *16 (E.D. Mo. July 12, 2016) (citations omitted); *see also Minneapolis Firefighters' Relief Ass'n v. MEMC Elec. Materials, Inc.*, 641 F.3d 1023, 1030 (8th Cir. 2011) (stating that while leave to amend should be freely granted under Fed. R. Civ. P. 15, requesting leave to

---

[2] The Court also notes that Fields' attempt to add facts and more specific allegations to his complaint through his response to the motion to dismiss is insufficient, as a motion to dismiss will "'succeed or fail based upon the allegations contained in the face of the complaint.'" *McAuley v. Federal Ins. Co.*, 500 F.3d 784, 787 (8th Cir. 2007) (quoting *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992)).

7

amend in the event of dismissal is insufficient); *U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822-23 (8th Cir. 2009) (finding district court did not abuse its discretion in denying leave to amend where the relator asked for leave in a concluding paragraph in his memorandum in opposition to the motion to dismiss and failed to describe the amendments he would submit). Because Fields failed to follow this critical procedural step, his request is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant ERA Valdivia Contractors, Inc.'s Motion to Dismiss Plaintiff's First Amended False Claims Act Complaint (ECF No. 56) is **GRANTED**. A separate Order of Dismissal accompanies this Memorandum and Order.

Dated this 16th day of October, 2018.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**